ORLANDO W. JOSLYN *et al.* *vs.* JAMES FISK, JR. *et al.*

It was not the intent of the legislature, by the 2d subdivision of section 33 of the Code, to authorize the Supreme Court to remove into that court actions pending in the superior court or court of common pleas for the city and county of New York, except upon an application showing· the propriety of *changing the place of trial* from the city of New York. *Per* INGRAHAM, P. J.

The mere fact that sixteen actions between the parties are pending in the superior court and court of common pleas, and five are pending in the Supreme Court, will not authorize the removal of the actions ·pending in the former courts to the Supreme Court. *Per* INGRAHAM, P. J.

IN this action, and four others pending in the New York common pleas, and eleven pending in the superior court, motions were made to have the same removed into the Supreme Court. Five actions of the same character, against the same defendants, had been commenced in this court. The reasons stated in the affidavit on which the motion was made for the removal of the causes were, that the defendants had a good defense; that the amount of damages claimed was large; that the actions were similar in character; that the transactions took place under similar circumstances, and the grounds of defense are substantially the same; that the several actions involve difficult questions of law, and the trial will be prolonged; that five similar actions had been brought in the Supreme Court, in which one or more of the questions of law involved had been submitted to the court, but not decided, and stating also the questions of law so raised. Upon these facts the court granted the motion removing all the causes into this court. The plaintiffs in the actions pending in the common pleas appealed to this court.

*Joseph R. Flanders* and *James Betts Metcalf,* for the appellants.

*David Dudley Field,* for the respondents.

Joslyn *v.* Fisk.

INGRAHAM, P. J. The provision of the Code under which this motion is made is contained in the 33d section, and is as follows, viz. : " The Supreme Court may remove into that court any action brought under this subdivision and pending in the superior court or court of common pleas for the city and county of New York, and may change the place of trial therein, as if such action had been commenced in the Supreme Court." The objection taken to the granting of this motion was that this court had no power to remove a cause from either of these courts under this section, unless it appears that the motion is made for the purpose of changing the place of trial to some other county than that of New York. On first reading this section, it may be supposed that the power of removal was intended to be general, and might be exercised irrespective of the question of change of the place of trial; but upon a more careful examination of the provisions of the statutes on this subject, I am led to a different conclusion. Prior to the adoption of the Code, the jurisdiction of the New York common pleas extended to all local actions arising within the county of New York, and all transitory actions, although the same may not have arisen within such county, (2 *R. S. marg. p.* 208, § 1,) subject to removal by the Supreme Court when the debt or damages claimed exceeded the sum of $500. (2 *R. S. marg. p.* 389, § 1.) By an act passed in 1830, authority was given to the Supreme Court to remove from the common pleas any transitory action pending in that court, in which the trial should be had elsewhere than in the county of New York. (*Sess. Laws* 1830, *ch.* 186, *p.* 208.) The effect of these laws was to give to the Supreme Court power to remove any action in which the damages exceeded $500, and any transitory action where the place of trial should be changed. This removal, at that time, was prohibited in actions pending in the superior court before final judgment, excepting in cases in which a transitory action pending in that court

ought to be tried in another county; and in such cases the Supreme Court had authority to make an order to remove the cause in the same manner as if the action was pending in the Supreme Court. (*Act establishing superior court, Sess. Laws of* 1828, *ch.* 137, *p.* 141.) By an act passed in 1844, (*Sess. Laws of* 1844, *ch.* 32, *p.* 30,) the provisions of the last cited statute as contained in section 15, were extended, and made applicable to the court of common pleas. After the passage of this act, no cause could be removed from either court, except for the purpose of changing the place of trial. This continued to be the law as to these courts, until the adoption of the Code of Procedure in 1848. In the Code, as originally adopted, the jurisdiction of these courts was continued as it then existed, with some additional powers, but no alteration of the law as to the removal of causes was inserted therein. (*Code of* 1848, *Sess. Laws p.* 504.) In 1849 the Code was amended, and the section as it now stands was adopted. In 1854 an act relating to the court of common pleas was passed, defining the jurisdiction of that court to be, among other powers, to exercise in the city and county of New York all the powers and jurisdiction now or hereafter conferred upon or vested in the said court, or the county courts in their counties, and the powers and jurisdiction which were vested in the court of common pleas for the city and county of New York before the enactment of the act designated as the Code of Procedure, passed April 12, 1848. (*Sess. Laws of* 1854, *ch.* 198, *p.* 464.) Whatever construction might therefore be given to the amended section of the Code as passed in 1849, as limiting the jurisdiction of the common pleas, such amendment would cease to affect the jurisdiction of the common pleas after the passage of the act of 1854, which restored the jurisdiction of that court as it existed prior to the adoption of the Code. At that time, as I have before remarked, the jurisdiction of the court extended to all local actions arising within the

Joslyn *v.* Fisk.

county, and to all transitory actions, although the same
may not have arisen within the county, subject to a power
vested in the Supreme Court to remove any .transitory
action in which the trial should be had elsewhere than in
the county of New York.   It seems to me, therefore, that
in regard to the New York common pleas, whatever con-
struction may be put upon the provisions of the Code as
to the superior court, the only power which this court can
exercise in removing causes from that court, is in actions
where it is proper to change the place of trial from the
city and county of New York to some other county in the
State.   These views would dispose of the question, so far
as relates to the common pleas, and I might leave the
examination of the question here; but I am inclined to
adopt the same opinion on an examination of the section
on which the defendant relies in making the application.
No authority is given to remove such causes, except un-
der that which unites the removal with the change of the
place of trial.   The application is not confined to the
court in any district, but may be made to the Supreme
Court, and in any district; and if made to the court in
any district, the court may order the action to be tried in
the district where the motion is made, unless the object
of the motion is confined to the place of trial.   There is
no necessity of authority to change the place of trial, if
the court has power to remove the cause generally;
because after it has been removed, the place of trial may
be changed, the same as in other actions.   The section
also directs that the order for removal and change of
place of trial is to be made in the Supreme Court, on
motion, and is to take effect only on filing a certified copy
of such order in the office of the clerk of the court.
Such clerk is required to transfer the papers in the cause
to the clerk of the county in which, by such order, the
trial is ordered to be had.   Unless such place of trial is
designated in the order of removal, there would be no

authority for the clerk to transfer the papers to any county clerk.

The portion of the order appealed from which directs the papers to be given to the clerk of the city and county of New York, would not be a compliance with the statute, because there is no direction in the order where the trial is to be had, and if such papers were filed in any other county than that in which the trial was ordered, it would not be according to the intent of the act. The fact, also, that this provision is confined to transitory actions, and that no authority exists for the removal of local actions, affords a strong presumption that the intent of the legislature was to confine this power to cases in which it was necessary to change the place of trial.

From the suggestions above made, I have come to the conclusion that it was not the intent of the legislature to authorize the removal of such causes except upon an application showing the propriety of changing the place of trial from the city of New York. In looking at the grounds on which the removal is asked for, there is but one which could not be made applicable to any cases in which one action is brought in this court, and one in either of the other courts for similar causes of action; and that is that the decision of this court would not be binding on the other courts, nor would it be followed by them unless that court concurred in its correctness. It must, however, be remembered that those courts are, as to their decisions, of coördinate authority with this court; that appeals are to be made directly from those courts to the Court of Appeals, in the same manner as in this court. While suitors are allowed to select the court in which they will bring their actions, that privilege should not be interfered with, except in cases clearly authorized by law, and for good and sufficient reasons calling therefor. In the present case it is proposed to take sixteen causes out of the other courts and to transfer them to this

court, because five causes are pending here. The same rule would have allowed the transfer, if only one action were pending here. Such was not, in my opinion, the intent of the statute, and the adoption of it would lead to encourage such motions to an extent which would be embarrassing to the court and to suitors.

CARDOZO, J., dissented.

The judges before whom the above case was heard having disagreed, the same was ordered to be sent to the 2d department. (*See act of April* 27, 1870, *relating to the Supreme Court,* § 6.)

[FIRST DEPARTMENT, GENERAL TERM, at New York, April 4, 1871. *Ingraham,* P. J. and *Cardozo,* Justice.]